UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CLIFFORD WAYNE MILLER, | Case No.: 3:23-cv-00040-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF No. 48 |
| MICHAEL MINEV, et al., | |
| Defendants | |

Before the court is Defendants' motion for leave to file medical records under seal. (ECF No. 48.)

In this motion, Defendants seek to file under seal exhibits containing Plaintiff's medical records in connection with their motion for summary judgment, (ECF No. 47).

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right

of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Ct., D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1179). If the document proposed for sealing accompany a motion that is "more than tangentially related to the merits of the case," the compelling reasons standard is applied. *Center for Auto Safety*, 809 F.3d at 1101.

Here, Defendants seek to file exhibits under seal in connection with their motion for summary judgment, which is unquestionably "more than tangentially related to the merits of a case." Therefore, the compelling reasons standard applies.

This court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing records. *See, e.g., Moreno v. Adamson,* No. 3:19-cv-0330-MMD-CLB, 2021 WL 76722 (De. Nev. Jan. 7, 2021); *San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10-02258 SBA, 2011 WL89931, at

*n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, No. 09-000545 SOM/BMK, 2010 WL4715793, at *1-2 (D. HI. Nov. 15, 2010); *Wilkins v. Ahern,* No. C 08-1084 MMC (PR), 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, No. CV-08-02381-PHX-FJM, 2009 WL 1212170, at *1 (D.Ariz. May 4, 2009). This is because a person's medical records contain sensitive and private information about their health. While a plaintiff puts certain aspects of his medical condition at issue when he files an action alleging deliberate indifference to a serious medical need under the Eighth Amendment, that does not mean that the entirety of his medical records filed in connection with a motion (which frequently contain records that pertain to unrelated medical information) need be unnecessarily broadcast to the public. In other words, the plaintiff's interest in keeping his sensitive health information confidential outweighs the public's need for direct access to the medical records.

Here, the referenced exhibits contain Plaintiff's sensitive health information, medical history and treatment records. (ECF No. 50-1, 50-2 (sealed).) Balancing the need for the public's access to information regarding Plaintiff's medical history, treatment, and condition against the need to maintain the confidentiality of Plaintiff's medical records weighs in favor of sealing these exhibits. Therefore, Defendants' motion (ECF No. 48) is **GRANTED**.

**IT IS SO ORDERED**.

Dated: April 11, 2025

_____
Craig S. Denney
United States Magistrate Judge

3